PERLBINDER v. PARISER et al.

(Supreme Court, Appellate Term. May 27, 1912.)

1. LANDLORD AND TENANT (§ 186*)—RENT—ACTIONS—DEFENSES—INTERFERENCE WITH USE OF PREMISES.

Where a lease of premises expressly provided that the tenants should pay no rent for the privilege of using a hall and that the rent of the premises should not include rent therefor, the use granted was independent of the use of the premises rented, and a failure to permit such use would not avoid liability for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 755–762; Dec. Dig. § 186.*]

2. LANDLORD AND TENANT (§ 235*)—ACTION FOR RENT.

Where, in an action for rent, the plaintiff proved the execution and delivery of the lease, the receipt and retention of the keys to the premises by the defendant, and the nonpayment of the rent sought, and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendants interposed no sufficient defense, a judgment for defendants was improperly granted.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 946; Dec. Dig. § 235.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Perlbinder against Celia Pariser and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Goldfein & Weltfisch, of New York City, for appellant.

A. M. Pariser, of New York City, for respondents.

PER CURIAM. [1] Plaintiff sued to recover for the rent of certain premises leased to the defendants by a written lease, claiming the sum of $28 for rent for the months of December, 1911, and January, 1912. The defendants counterclaimed, alleging payment of the sum of $57, and demanding affirmative judgment thereon. The plaintiff proved the execution and delivery of the lease, and that the rent for the months aforesaid had not been paid. The defendants claimed that they were not allowed the privilege of the use of a hall which had been given them by the terms of the lease, but for which, it was expressly agreed, they were to pay no rent, and this was disputed by the plaintiff. It was further shown that the tenants had received and retained the keys of the premises demised. The lease expressly provided that the tenants should pay no rent for the privilege of the use of the hall and that the rent for the store should not include rent for this privilege. The parties have therefore expressly agreed that the rent of the store is independent of this privilege, and a failure to allow the exercise of this privilege would at most give rise to a counterclaim for damages on the part of the tenant but would be no defense to an action for rent.

[2] At the close of the testimony, the court suggested to the parties that they go to the demised premises and "test the landlord's good faith by going into the premises," in the meantime reserving decision. Subsequently, the court rendered judgment in favor of the defendants, but without costs. This was clearly error. The plaintiff clearly made out a case entitling him to a judgment, as there was no dispute as to any material fact necessary to constitute a cause of action in his favor.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes